SCOTT K. CASSILL was convicted of a violation of the state banking laws, and appeals from the judgment. Affirmed.

## OPINION: PER CURIAM.

The transcript in this cause was filed with the clerk of the court on October 23, 1924. On the twenty-third day of January, 1925, the appellant not having filed any brief, the attorney general moved to dismiss the appeal for that reason, basing his motion on paragraphs 4 and 5 of Rule X, rules of this court. However, we decided to hold the motion in abeyance until the time fixed for argument. Thereafter, on January 30, we assigned this cause for argument on February 13, 1925. When on that day it was called for argument no one appeared for either appellant or respondent, the cause was ordered submitted for decision.

Section 12122, Revised Codes of 1921, provides: "The judgment may be affirmed if the appellant fail to appear, but can be reversed only after argument, though the respondent fail to appear."

If the motion to dismiss the appeal be overruled and the terms of the statute be followed, the judgment must be affirmed.

As the same result will be reached in either case, the motion to dismiss the appeal is overruled and the judgment is affirmed.

*Affirmed.*

———

STATE, RESPONDENT, *v.* CASSILL, APPELLANT.

(No. 5,642.)

(Submitted February 13, 1925. Decided February 17, 1925.)

[233 Pac. 908.]

For syllabus, see *State* v. *Cassill, ante,* p. 381.

*Appeal from District Court, Powell County; George B. Winston, Judge.*

C. H. CASSILL was convicted of a violation of the state banking laws and appeals from the judgment. Affirmed.

### OPINION: PER CURIAM.

This cause was submitted upon conditions precisely similar to those appearing in No. 5,593, *State* v. *Cassill, ante,* p. 381 233 Pac. 908.

For the same reasons assigned in that cause, the judgment herein is affirmed.

*Affirmed.*

---

COREY, APPELLANT, *v.* SUNBURST OIL & GAS CO., RE-
SPONDENT.

(No. 5,589.)

(Submitted January 7, 1925.    Decided February 18, 1925.)

[233 Pac. 909.]

*Quieting Title—Oil and Gas Leases—Homesteads—Execution of Lease Before Patent—Validity—Want of Equity on Face of Record—Dismissal of Appeal—Pleading and Practice.*

Motion for Judgment on Pleadings—Denial—Appeal Does not Lie.
1. Under section 9165, Revised Codes of 1921, an appeal does not lie from an order denying a motion for judgment on the pleadings.

Same—In Effect Demurrer to Answer.
2. Plaintiff's motion for judgment on the pleadings is in effect a demurrer to the answer.

Same—Denial—Entry of Judgment of Dismissal at Request of Appellant—Right of Appeal.
3. Where plaintiff, after his motion for judgment on the pleadings had been denied, asked the court to enter such a judgment as would allow of an appeal, and judgment of dismissal follows, the plaintiff himself causing its entry, his action in doing so was not such a consent to the judgment as to debar him of the right of appeal.

Quieting Title—Oil and Gas Lease—Want of Equity Appearing on Face of Record—Dismissal of Appeal.
4. Plaintiff, a homesteader, executed an oil and gas lease to defendant's predecessor before final proof. After patent was issued to him he brought suit to quiet title to the land, claiming that the lease was void. Suit was not brought until after large sums